# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | |
|---|---|
| Zavanna, LLC, and Palace Exploration Company, | ) ) **ORDER ADOPTING REPORT** |
| Plaintiffs, | ) **AND RECOMMENDATION** ) ) |
| vs. | ) ) |
| RoDa Drilling Company, RoDa Drilling, LP, Zenergy, Inc., and Zeneco, Inc., | ) Case No. 4:09-cv-022 ) ) |
| Defendants. | ) |

___

Before the Court are the Defendants' three separate motions to dismiss, stay, or transfer filed on May 8, 2009 and May 12, 2009, and the Plaintiffs' motion to remand filed on May 19, 2009. See Docket Nos. 8, 11, 13, and 17. On September 14, 2009, Magistrate Judge Charles S. Miller, Jr. issued a Report and Recommendation wherein he recommended the motion for remand be granted and the pending motions to dismiss, stay, or transfer be denied as moot. See Docket No. 35. The parties were given ten (10) days to file an objection to the Report and Recommendation. Defendants RoDa Drilling Company and RoDa Drilling, LP filed an objection on September 24, 2009. See Docket No. 36. The following day, the Plaintiffs filed a response to RoDa's objection. See Docket No. 39. On September 28, 2009, Defendants Zenergy, Inc. and Zeneco, Inc. filed a joinder to RoDa's objection. See Docket No. 38. On October 9, 2009, RoDa Drilling filed a reply brief. See Docket No. 41.

The Defendants contend that if subject matter jurisdiction is lacking, the Court should reject the portion of the Report and Recommendation that addresses the other motions or, alternatively, the Court should conclude that it has jurisdiction. The Defendants argue that once the Court

determines that it lacks subject matter jurisdiction, it can no longer deny the pending motions as moot.  See Docket No. 36.  That argument is devoid of any merit.

It is well-established that "any order remanding a matter to state court for lack of subject matter jurisdiction necessarily denies all other pending motions."  Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1052 (8th Cir. 2006) (quoting Dahiya v. Talmidge Int'l, Ltd., 371 F.3d 207, 210 n.1 (5th Cir. 2004)) see also Miedema v. Maytag Corp., 450 F.3d 1322, 1325 (11th Cir. 2006) (affirming the district court's order granting the plaintiff's motion to remand for lack of subject matter jurisdiction where district court also denied all other pending motions as moot and administratively closed the case); Cooper Hosp. Univ. Med. Ctr. v. Seafares Health & Benefits Plan, 500 F. Supp. 2d 457, 458 (D.N.J. 2007) ("Because the Court concludes that it lacks subject matter jurisdiction over this case, the case will be remanded to state court and the motions will be dismissed as moot").  This ruling is not in any manner a substantive ruling on the merits of the pending motions to dismiss, stay, or transfer.

The Defendants also contend that "the fact this same cause of action is already pending in the Northern District of Oklahoma belies the Magistrate Judge's recommendation that jurisdiction cannot or does not exist in federal court."  See Docket No. 36.  However, as stated in the Report and Recommendation, there can be no consolidation of cases that are not properly before the Court, and consolidation cannot be used to confer jurisdiction over an action removed from state court for which no subject matter jurisdiction exists.  See Docket No. 35.

The Court has carefully reviewed the Report and Recommendation, relevant case law, the Defendants' objections, the Plaintiffs' response to the objections, Defendant RoDa Drilling's reply brief, and the entire record, and finds the Report and Recommendation to be persuasive.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 35) in its entirety and **GRANTS** the Plaintiffs' Motion to Remand (Docket No. 17).  The Court **DENIES AS MOOT** the Defendants' motions to dismiss, stay, or transfer (Docket Nos. 8, 11, and 13).

   **IT IS SO ORDERED.**

   Dated this 3rd day of November, 2009.

>  */s/ Daniel L. Hovland*
>  Daniel L. Hovland, District Judge
>  United States District Court